IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHI HO MAK, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-143 CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| | : | |
| ACTING WARDEN DENNIS HASTY, | : | |
| | : | |
| Respondent. | : | |

_____

### RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondent's Amended Motion to Dismiss, filed on October 21, 2013.[1] (ECF No. 18.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner, a native and citizen of China, alleges that he should be released pursuant to the ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet. for Writ of Habeas Corpus 6, ECF No. 1.) Along with the motion to dismiss, Respondent filed a copy of the Order of Supervision (Resp't's Am. Mot. to Dismiss Ex. E at 1, ECF No. 18-6) showing that Petitioner was released on October 18, 2013. Due to Petitioner's release, Respondent now contends that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Resp't's Mem. in Supp. of Am. Mot. to Dismiss 2, ECF No. 18-1.)

---

[1] Respondents filed their original motion to dismiss on July 19, 2013. (ECF No. 13.) This Court filed a Report and Recommendation (ECF No. 17) on October 10, 2013 recommending that the motion to dismiss be denied because the Petitioner alleged sufficient facts to move beyond the 12(b)(6) stage. Subsequently, Respondent filed this amended motion stating that Petitioner was released on an order of supervision. Because the Court recommends granting the amended motion, the original Report and Recommendation should be superseded by this Report and Recommendation and the original motion should be denied as moot.

The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody under an order of supervision. (Pet. for Writ of Habeas Corpus 1.) Petitioner has been released from the physical custody of ICE under an order of supervision, which Petitioner signed. (Am. Mot. to Dismiss Ex. E.) Furthermore, Petitioner is not contesting the conditions of his supervised release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Amended Motion to Dismiss (ECF No. 18.) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. The Court further recommends that Respondent's original motion to dismiss (ECF No. 13) be DISMISSED as moot. Finally, the Court's original Report and Recommendation (ECF No. 17) is hereby SUPERSEDED by this Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner

may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this the 4th day of November, 2013.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE